UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DaJuan Banks,                                     Case No. 1:11CV495

             Petitioner

v.                                              MEMORANDUM OPINION
                                                     AND ORDER

Terry A. Tibbals, Warden,

             Respondent

     This matter is before me on the objections of Petitioner DaJuan Banks to the Report and Recommendation of Magistrate Judge Kathleen B. Burke regarding Banks's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Upon de novo review of the magistrate judge's report, I overrule Banks's objections and adopt the report.

## DISCUSSION

     Banks, who originally faced the death penalty for aggravated murder among other charges, pleaded guilty pursuant to a plea agreement to aggravated murder with a term of life imprisonment without parole, aggravated burglary, and kidnapping, all with firearm specifications. After accepting the plea agreement, the trial court sentenced Banks to life imprisonment without parole for the aggravated murder charge, and ten years of imprisonment for the aggravated burglary and kidnapping charges, as well as a consecutive, merged three-year term of imprisonment for the firearm specification, for a total term of twenty-three years of imprisonment in addition to the life sentence.

Banks, through counsel, appealed his conviction to the Ohio court of appeals arguing that he was not given adequate notice as to all the essential elements of the alleged offenses set forth in the indictment. He also argued that the trial court erred by failing to dismiss the defective indictment prior to accepting his guilty plea. The court of appeals affirmed the trial court's judgment.

Banks then filed a pro se notice of appeal with the Supreme Court of Ohio, again raising the same issues presented to the court of appeals. Banks also alleged that his trial and appellate counsel, who was the same individual, was ineffective for failing to raise all the fatal defects in the indictment at trial and on appeal. Banks also argued that counsel erred by allowing him to plead guilty to an indictment that charged no offense. The Supreme Court of Ohio denied Banks leave to appeal and dismissed the appeal as not involving a substantial constitutional question.

Prior to the Supreme Court of Ohio's decision, Banks filed a pro se application to reopen his direct appeal with the Ohio court of appeals pursuant to Ohio Appellate Rule 26(B). In his application, Banks argued that his attorney was ineffective for failing to adequately argue the sufficiency of the indictment on appeal. The court of appeals subsequently denied the motion to reopen. Banks failed to appeal this decision to the Supreme Court of Ohio.

Banks then filed a timely petition for a writ of habeas corpus pursuant to § 2254. In his petition, Banks again argued that the indictment failed to provide sufficient notice as to the essential elements of the alleged offenses, that the trial court failed to dismiss the defective indictment, and that his attorney was ineffective at trial and on appeal. Magistrate Judge Burke subsequently issued her report and recommendation that Banks's petition be denied and that the case be dismissed. Banks has filed timely objections to the report. The case is now ready for adjudication.

Banks has waived his first and second grounds for relief regarding the alleged defects in the indictment. "Generally, a voluntary and unconditional guilty plea bars any subsequent non-

jurisdictional attack on the conviction." *United States v. Corp.*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotation marks and citations omitted). This is because

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). After the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself. *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012). Banks did not challenge the voluntary and intelligent nature of his plea in the state courts of Ohio or in his habeas corpus petition. Therefore, Banks is barred from challenging any deficiencies that he perceives in his indictment.

I further note that the decisions of *Menna v. New York*, 423 U.S. 61 (1975), and *Blackledge v. Perry*, 417 U.S. 21 (1974), are not applicable to Banks's case. Citing *Menna* and *Blackledge*, the United States Supreme Court stated in *United States v. Broce*, 488 U.S. 563, 575-76 (1989), that a guilty plea could not waive a double jeopardy challenge where, when judged on the face of the indictment and the record before the trial court at the time the plea was entered, the charge is one that the government could not constitutionally prosecute under the Double Jeopardy Clause. *See also United States v. Ehle*, 640 F.3d 689, 693 (6th Cir. 2011). In the instant case, the record fails to establish that the government lacked the constitutional authority to prosecute Banks. Because the defect described in *Menna*, *Blackledge*, and *Broce* does not exist in this case, these cases are not applicable to Banks's guilty plea.

Banks's ineffective assistance of counsel claims also must fail. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that it prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient

3

performance means that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Prejudice means "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A habeas corpus petitioner is entitled to relief on an ineffective-assistance claim only if the state court's rejection of that claim was "contrary to, or involved an unreasonable application of" *Strickland*, or rested "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, the combined effect of *Strickland* and § 2254(d) is a "doubly deferential" review. *Nichols v. Heidle*, 725 F.3d 516, 540 (6th Cir. 2013). The question becomes whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id*. In the guilty-plea context, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012). The record does not establish, nor has Banks shown, that but for his counsel's alleged errors, there was a reasonable probability that he would not have pleaded guilty and insisted on going to trial. *Hill*, 474 U.S. at 59.

Banks was facing the death penalty, along with other charges and specifications. The prosecution subsequently entered a nolle prosequi on the death penalty specification, along with other charges and specifications. Given that the evidence establishes that Banks brutally murdered his victim with the aid of a gun and knife, *State v. Banks*, No. 2008-L-177, 2009 WL 5064142, at *2 (Ohio Ct. App. Dec. 24, 2009), the fact that trial counsel was able to negotiate a plea agreement where Banks did not face the death penalty fails to establish that Banks would still have insisted on going to trial. *Hill*, 474 U.S. at 59. Accordingly, Banks has not met his burden under *Hill*.

Banks's ineffective assistance of appellate counsel claim also fails. Claims of ineffective assistance of appellate counsel are governed by the same two-prong standard of *Strickland*.

4

*McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). In the appellate context, I must first assess the claims that appellate counsel failed to raise. *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Second, "[c]ounsel's failure to raise an issue on appeal could only be ineffective assistance of counsel if there is reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland*, 356 F.3d at 699. In reviewing the record and liberally construing Banks's arguments, I conclude that Banks has not established that there is a reasonable probability that, but for counsel's actions, the results of Banks's appeal would have changed. The record proves the contrary.

Finally, although not discussed by the magistrate judge, Banks makes numerous arguments regarding violations of Ohio law. However, "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Moreland v. Bradshaw*, 699 F.3d 908, 926 (6th Cir. 2012), *cert. denied*, 134 S. Ct. 110 (2013). Therefore, Banks's allegations regarding violations of state law do not entitle him to federal habeas corpus relief.

## CONCLUSION

For the reasons stated herein, Banks's habeas corpus petition is denied and the case is dismissed.

So Ordered.

        s/Jeffrey J. Helmick
        United States District Judge